**REMAND; and Opinion Filed March 28, 2023**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

| No. 05-21-00621-CR | No. 05-21-00622-CR |
|---|---|
| No. 05-21-00623-CR | No. 05-21-00624-CR |
| No. 05-21-00627-CR | No. 05-21-00628-CR |
| No. 05-21-00629-CR | No. 05-21-00630-CR |
| No. 05-21-00634-CR | No. 05-21-00635-CR |
| No. 05-21-00636-CR | No. 05-21-00637-CR |

**BRANDIE OLIVAREZ, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the Criminal District Court No. 4**
**Dallas County, Texas**
**Trial Court Cause Nos. F18-22537-K, F18-41244-K, F18-45948-K,**
**F19-14122-K, F19-14136-K, F20-22413-K, F20-22447-K, F20-41532-K,**
**F19-40342-K, F20-22421-K, F20-45665-K & F20-45679-K**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Smith

In this appeal of twelve criminal convictions, appellant Brandie Olivarez's

appointed counsel has filed a motion to withdraw as counsel, supported by an

*Anders*[1] brief. Because we conclude that the brief does not fully comply with the

---

[1] *Anders v. California*, 386 U.S. 738 (1967).

requirements for an *Anders* brief, we grant counsel's motion to withdraw but strike the brief and remand for appointment of new appellate counsel.

## Background

On March 6, 2020, appellant entered negotiated pleas of guilt in trial court cause numbers F18-22537-K (credit card abuse), F18-45948-K (credit card abuse), F19-14122-K (fraudulent use or possession of identifying information), F19-14136-K (fraudulent use or possession of identifying information), and F19-40342-K (theft).[2] According to the transcript of the plea hearing, the State offered into evidence, and the trial court admitted, appellant's judicial confession and stipulation of evidence, the Michael Morton paperwork,[3] and appellant's pleas of true to an enhancement paragraph in each case. The trial court accepted appellant's pleas; found there was enough evidence to make findings of guilt, but deferred those findings; found the enhancement paragraphs to be true; and placed appellant on community supervision for four years in each case.

The clerk's record reflects that, on March 6, 2020, appellant also entered into a plea agreement, and the trial court entered an order of deferred adjudication, in

---

[2] Appellate cause numbers 05-21-00621-CR, 05-21-00623-CR, 05-21-00624-CR, 05-21-00627-CR, and 05-21-00634-CR, respectively.

[3] Defendant's Acknowledgment of Discovery Rights underTexas Code of Criminal Procedure.

cause number F18-41244-K (credit card abuse).[4]   That case, however, was not mentioned during the plea hearing.

On September 10, 2020, appellant entered negotiated guilty pleas in trial court cause numbers F20-22413-K (aggravated assault against a public servant), F20-22447-K (fraudulent use or possession of identifying information), F20-41532-K (fraudulent use or possession of identifying information), F20-22421-K (evading arrest or detention), F20-45665-K (forgery of a government instrument), and F20-45679-K (fraudulent use or possession of identifying information).[5]   Appellant waived recording of the proceedings, but the clerk's record indicates that the trial court accepted appellant's pleas, found there was enough evidence to make findings of guilt, deferred those findings, and placed appellant on community supervision for four years in each cause.

On January 26, 2021, the State filed motions to proceed with an adjudication of guilt in each of the twelve cases, alleging appellant violated the terms and conditions of her community supervision by committing the offenses of fraudulent use or possession of identifying information and giving false information to a police officer.   On June 21, 2021, the trial court held a hearing on the State's motions. Appellant pleaded not true to the State's allegations.   After hearing evidence, the

---

[4]  Appellate cause number 05-21-00622-CR.

[5]   Appellate cause numbers 05-21-00628-CR, 05-21-00629-CR, 05-21-00630-CR, 05-21-00635-CR, 05-21-00636-CR, and 05-21-00637-CR, respectively.

trial court found appellant guilty of each offense and sentenced appellant to ten years' confinement in the Institutional Division of the Texas Department of Criminal Justice (TDCJ) in trial court cause numbers F18-22537-K, F18-41244-K, F18-45948-K, F19-14122-K, F19-14136-K, F20-22447-K, F20-41532-K, F20-22421-K, and F20-45665-K; twenty years of confinement in the Institutional Division of TDCJ in cause numbers F20-22413-K and F20-45679-K; and two years in the State Jail Division of the TDCJ in cause number F19-40342-K.

Appellant filed a notice of appeal. Appellant's court-appointed counsel has filed a motion to withdraw, along with an *Anders* brief. The brief certifies counsel's diligent search of the record, research of the law, professional evaluation that the record reflects no reversible error, and conclusion that this appeal is frivolous and without merit. Although not an arguable issue, counsel notes that the judgment in trial court cause number F20-22413-K incorrectly indicates that appellant was placed on community supervision on March 3, 2020, when she actually was placed on community supervision on September 10, 2020.

Counsel provided appellant with a copy of the brief and informed her of her right to review the record and file her own brief. *See Kelly v. State*, 436 S.W.3d 313, 319 (Tex. Crim. App. 2014). Appellant asked for and was provided the record, but

she has not filed a pro se brief. The State filed a letter brief agreeing there are no non-frivolous claims that could be raised.[6]

**Analysis**

In *Anders*, the United States Supreme Court outlined a procedure for ensuring that an indigent defendant's right to counsel on appeal is honored when his appointed attorney concludes that the appeal is without merit. 386 U.S. at 744. If the appointed attorney finds, after a conscientious examination of the record, that the case is "wholly frivolous," she should so advise the appellate court, request permission to withdraw, and file a brief referring to anything in the record that might arguably support the appeal. *Id.*; *In re Schulman*, 252 S.W.3d 403, 406 (Tex. Crim. App. 2008).

The purpose of an *Anders* brief is to satisfy the appellate court that the appointed attorney's motion to withdraw is based upon a conscientious and thorough review of the law and facts. *Kelly*, 436 S.W.3d at 318 (citing *In re Schulman*, 252 S.W.3d at 408). The brief should reflect that the appointed attorney has adequately researched the case and used due diligence investigating potential error before requesting to withdraw. *In re Schulman*, 252 S.W.3d at 407. Texas courts also require an *Anders* brief to refer to anything in the record that might arguably support the appeal, with citations to the record and legal authority. *High v. State*, 573 S.W.2d

---

[6] The State's letter brief advised that the clerk's record for appellate cause number 05-21-00637-CR did not include the judgment adjudicating guilt. The district clerk now has filed a supplemental clerk's record containing the judgment.

807, 811 (Tex. Crim. App. [Panel Op.] 1978); *see also Stafford v. State*, 813 S.W.2d 503, 510 n. 3 (Tex. Crim. App. 1991).

When we receive an *Anders* brief asserting that no arguable grounds for appeal exist, we review the record to determine that issue independently. *Anders*, 386 U.S. at 744; *Stafford*, 813 S.W.2d at 511. If we conclude that "appellate counsel has exercised professional diligence in assaying the record for error" and agree that the appeal is frivolous, we grant the motion to withdraw, *Meza v. State*, 206 S.W.3d 684, 689 (Tex. Crim. App. 2006), and affirm the trial court's judgment. *In re Schulman*, 252 S.W.3d at 409. But if we conclude either that appellate counsel has not adequately discharged the constitutional duty to review the record for any arguable error or that the appeal is not wholly frivolous, we abate the appeal and return the cause to the trial court for the appointment of new counsel. *Meza*, 206 S.W.3d at 689; *Crowe v. State*, 595 S.W.3d 317, 320 (Tex. App.—Dallas 2020, no pet.).

In this appeal, the *Anders* brief sets out the procedural history of the case and discusses the sufficiency of the indictments, the evidence adduced at the revocation hearing, the voluntariness of and sufficiency of the evidence to support appellant's pleas of guilt, the validity of the community supervision revocations, the trial court's evidentiary rulings, the sentences rendered, and the effectiveness of trial counsel. Counsel also identified an error in the judgment in cause number F20-22447-K that requires correction.

Our review revealed additional errors in the judgments that require correction. First, the judgment in cause number F19-14136-K imposes a sentence of twenty years' confinement, but the trial court orally pronounced a ten-year sentence in that case at the revocation hearing. "When there is a conflict between the oral pronouncement of sentence in open court and the sentence set out in the written judgment, the oral pronouncement controls." *Thompson v. State*, 108 S.W.3d 287, 290 (Tex. Crim. App. 2003); *see also McCoy v. State*, Nos. 05-01-00810-CR & 05-01-00811-CR, 2002 WL 89407, at *1 (Tex. App.—Dallas Jan. 24, 2002, no pet.) (not designated for publication) (discrepancy between oral pronouncement of sentence and its written memorialization is an arguable point of error). Second, the judgments for six state jail felony offenses (cause numbers F18-22537-K, F19-14122-K, F20-41532-K, F18-41244-K, F18-45948-K, and F19-14136-K) do not correctly reflect that appellant's punishment was enhanced by virtue of prior convictions. Each indictment for those offenses included two enhancement paragraphs, and appellant received enhanced punishment. *See* TEX. PEN. CODE ANN. § 12.425 (setting out requirements for enhanced punishment for state jail felonies). The corresponding judgments, however, reflect neither that there were enhancement paragraphs nor any findings on the enhancement paragraphs.

We may reform a judgment to speak the truth when the record provides the necessary information to correct the judgment's inaccuracies. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27–28 (Tex. Crim. App. 1993); *Asberry v.*

*State*, 813 S.W.2d 526, 529–30 (Tex. App.—Dallas 1991, pet. ref'd).  However, our review of the record leads us to question whether this appeal requires only our corrections to some of the judgments.

For example, there was no mention of cause number F18-41244-K during the March 2020 plea hearing.[7]  Additionally, there is nothing in the record that reflects appellant's plea to the indictment's enhancement paragraphs in cause numbers F18-41244-K, F18-45948-K, and F19-14136-K.  Appellant stated "guilty" when the trial court asked "[h]ow will you plead," but appellant was not asked about her pleas to enhancement paragraphs and the pleas are not reflected elsewhere in the record.[8]

Because appellant's appointed counsel has not discussed these additional inaccuracies in the judgments or omissions in the record, we are not completely satisfied that counsel has adequately researched this appeal and used due diligence investigating potential error before requesting to withdraw from further representation.  Accordingly, we grant counsel's motion to withdraw and, without

---

[7] Nor is the cause included in the list of causes on the cover sheet for the transcript of the hearing.

[8] The reporter's record filed in this appeal did not include the exhibits from the March 2020 plea hearing, and we ordered the court reporter to supplement the record with the exhibits.  The court reporter filed an Exhibit Volume, but it contains only the judicial confession, Michael Morton paperwork, and plea of true to two enhancement paragraphs in cause number F18-22537-K.  Finding no judicial confessions in the clerk's records for cause numbers F18-41244-K, F18-45948-K, and F19-14136-K, we also ordered the district clerk to supplement the record with the judicial confessions.  The district clerk advised that it did not have possession of the judicial confessions and was reaching out to the trial court for information.  To date, we have not received any further information.  The record does contain appellant's plea agreements in cause numbers F18-41244-K, F18-45948-K, and F19-14136-K, but the agreements do not indicate any plea to the enhancement paragraphs.

deciding whether there are any arguable issues, strike the *Anders* brief filed by counsel.

We remand the case to the trial court and order the trial court to appoint new appellate counsel to represent appellant. New appellate counsel should investigate the record and either (1) file a brief that addresses arguable issues found within the record, or (2) if, after a thorough and professional review of the record, counsel identifies no such arguable issues, file an *Anders* brief that complies with the requirements of *Anders*. We order the trial court to inform this Court in writing of the identity of new appellate counsel, new appellate counsel's contact information, and the date counsel is appointed.

We remove this appeal from the submission docket and abate the appeal for the trial court to comply with the dictates of this opinion.

/Craig Smith/
CRAIG SMITH
JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b).
210621NF.U05

–9–